76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALLIANCE INSURANCE COMPANY, Plaintiff-cross-defendant-Appellee,
v.
Michael COLELLA, Defendant,
and
Alan Grahm; Robert Grahm; Sean F. Lee; Associated
International, Inc., Defendants-cross-claimants-Appellants.
 No. 94-55466.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided Jan. 24, 1996.
 
 Before: HALL, and NOONAN, Circuit Judges, and PRO, District Judge.*
 MEMORANDUM**
 This action arose out of litigation by the Grahms against Harold Goldstein and parties insured by Alliance Insurance Company. On July 9, 1991, the district court granted summary judgment sua sponte in favor of Alliance, holding that Alliance was not obligated to defend or indemnify its insureds Michael Colella, H.O.M. Inc., and Home Buying Co-op, with respect to Grahms' state court action against the insureds.
 In Alliance Ins. Co. v. Colella, 995 F.2d 944 (9th Cir.1993) ("Alliance I "), we reversed the district court's order of summary judgment holding that a triable issue of fact existed as to whether Alliance made a timely reservation of rights. We remanded to the district court for a determination of whether Alliance had waived its defenses to coverage under the policy. On remand, the district court again granted summary judgment in favor of Alliance, holding that the Grahms failed to "meet their burden of coming forward with prima facie proof of prejudice or detrimental reliance ...," which the district court construed as essential elements of the Grahms' claims of waiver and estoppel. The Grahms argue that there remains a genuine issue of material fact as to whether Alliance waived its defenses to coverage under its policy.
 A recent opinion by the California Supreme Court, Waller v. Truck Ins. Exchange, 44 Cal.Rptr.2d 370, 388 (Cal.1995), laid to rest any doubt whether detrimental reliance is an essential element of waiver in insurance cases. Citing with approval our decision in Intel Corp. v. Hartford Accident and Indemnity Co., 952 F.2d 1551 (9th Cir.1991), the Court stated that "in the insurance context, the terms 'waiver' and 'estoppel' are sometimes used interchangeably, even though estoppel requires proof of the insured's detrimental reliance." Waller, 44 Cal.Rptr.2d at 388, citing Intel, 952 F.2d at 1559. Likewise, the Court held that on the particular facts before it, "an insurer waives defenses to coverage not asserted in its denial only if the insured can show misconduct by the insurer or detrimental reliance by the insured." Id., citing Intel, 952 F.2d at 1560 (emphasis added).
 In Intel, we analyzed the actual direction of California law, and recognized that,
 [i]n the insurance context ... the waiver doctrine has developed somewhat differently [from other contexts] and the distinction between waiver and estoppel has been blurred. In cases where waiver has been found, there is generally some element of misconduct by the insurer or detrimental reliance by the insured.
 Waller, 44 Cal.Rptr.2d at 388, citing Intel, 952 F.2d at 1559 (emphasis added) (footnote omitted).
 We further recognized that this "blurring" of waiver and estoppel has a reasonable foundation in the insurance context. Insurance companies will rarely waive their rights not to indemnify or defend in an explicit way; they would have little to gain from relinquishing these rights once an accident has occurred and the insured has paid the insurance premiums. Instead, in the insurance context, we are most likely to find, as it were, an "equitable" or "constructive" waiver, whereby the insurance company behaves unfairly and to its own advantage. See Intel, 952 F.2d at 1560 (California waiver doctrine "make[s] clear the rationale of protecting insureds and providing incentives for insurers to proceed properly."). In Intel, we describe two such scenarios:
 If an insurance company could deny a claim without thoroughly investigating it and then defend a subsequent lawsuit on grounds which it develops during discovery for trial, the company's incentive to fulfill its duty to investigate would be significantly diminished. [citation] Additionally, the waiver doctrine prevents an insurer from "sandbagging" the insured by constantly raising additional exclusions. The waiver rule denies [the insurer] multiple opportunities to avoid liability under terms of the policy that are ambiguous or disputed.
 952 F.2d at 1560 (citations omitted). In the light of Waller and Intel, the district court did not err in requiring the appellees to show detrimental reliance.
 Furthermore, we established in Alliance I that Alliance had no duty to indemnify the insureds because their claim was not within the basic coverage of their policy. 944 F.2d at 946. Having failed to establish prima facie coverage, the appellants may not try to create basic coverage by an offensive use of waiver or estoppel. As a California court has observed,
 [t]he doctrines of implied waiver and of estoppel based upon the conduct or action of the insurer, are not available to bring within the coverage of a policy risks not covered by its terms ... and the application of the doctrine in this respect is therefore to be distinguished from the waiver of, or estoppel to assert, grounds of forfeiture....
 Aetna Cas. and Surety Co. v. Richmond, 143 Cal.Rptr. 75, 79-80 (Cal.Ct.App.1978). The distinction drawn by California courts is between "unclear exclusionary language [and] the scope of basic coverage itself." Givings v. Industrial Indemnity Co., 169 Cal.Rptr. 278, 280 (Cal.Ct.App.1981) (citations omitted). It is the difference between an insured's getting a "free lunch," Alliance I, 995 F.2d at 946 (Farris, J. dissenting), and the insurer's shirking its responsibilities by use of a technicality.
 
 
 1
 The district court arrived at a just and lawful resolution of the legal issues and we AFFIRM.
 
 
 
 *
 The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3